UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

EDWARD STARSKI,   No. 13-10067

Debtor(s).
_____/

Memorandum re Hardship Discharge
_____

Debtor Edward Starski filed his Chapter 13 petition on January 14, 2013. His plan called for payments of about $500 per month for 36 months. The plan called for curing of a mortgage arrearage on his home and "cramdown" of two car loans. Under the plan, unsecured creditors would receive essentially nothing. The court confirmed the plan on October 31, 2013.

Immediately after confirmation, Starski stopped making payments on his plan. On February 7, 2014, the Chapter 13 trustee moved to dismiss the case for nonpayment. Starski responded with a motion for a hardship discharge. Both motions are now before the court.

The court begins by noting that Starski is not an ordinary *pro se* debtor. He is very intelligent and fully capable of the sort of improper manipulation of the Bankruptcy Code which is ordinarily the province of unethical lawyers. The court's concerns were increased when it asked Starski why he did not just convert his case to Chapter 7, as it appears he has a right to do. Starski appeared to dissemble, offering vague reasons which the court does not believe were forthright. It may be that Starski intends to keep the benefits of his plan's treatment of his secured creditors without making the required

1

payments to them, or it may be that he cannot obtain a Chapter 7 discharge due to delinquent domestic support payments, or it may be that some other factor the court does not recognize makes Chapter 7 less attractive. The fact that Starski stopped making his Chapter 13 payments as soon as his plan was confirmed leaves the court believing that his request for a hardship discharge is strategic.

The court may grant a discharge pursuant to 11 U.S.C. § 1328(b) to a debtor who has not completed payments under a plan if the debtor's failure to complete the payments is due to (1) circumstances for which the debtor is not accountable, (2) the unsecured creditors have received as much as they would have in a Chapter 7, and (3) the plan cannot be modified. The granting of a hardship discharge is a matter for exercise of the court's discretion. *In re Bandilli,* 231 B.R. 836, 838 (1st Cir. BAP 1999). The court must make its determination on the facts of each individual case. *In re Perkins,* 381 B.R. 530, 537 (Bkrtcy.S.D.Ill. 2007). The debtor bears the burden of proof, and must satisfy the court on all three elements of § 1328(b). *In re Spencer*, 301 B.R. 730, 733 (B.A.P. 8th Cir. 2003). In this case, Starksi has met his burden only as to § 1328(b)(2), and not § 1328(b)(1) or (3).

A request for a hardship discharge must be accompanied with evidence that the debtor's failure to complete his plan is due to "circumstances for which the debtor should not justly be held accountable." While the circumstances need not be catastrophic, § 1328(b)(1) is generally interpreted as requiring a showing of involuntary adverse circumstances. 8 **Collier on Bankruptcy (16th Ed.)**, ¶ 1328.03[2][a], p. 1328-26. In this case, Starski's stated reason is he is marrying his girlfriend, who has two children and is expecting a third. This is ordinarily a cause for celebration rather than adversity, and in any event is not involuntary.

Section 1328(b)(3) requires a showing by the debtor that modification of the plan is not practicable. In this case, Starksi has not provided the court with evidence as to his new wife's income and circumstances. It may be that her income might allow him to complete his plan more easily. Even if that is not the case, his original plan was only to take 36 months. He could reduce his payments very significantly by amending the plan to spread the payments out for the maximum of 60 months.

The court finds that Starski has not met his burden of convincing the court that he has grounds

for seeking a hardship discharge or that modification of his plan is not practicable. Accordingly, his motion for a hardship discharge will be denied and the Trustee's motion to dismiss will be granted. The Trustee shall submit an appropriate form of order forthwith.

Dated: May 15, 2014

Alan Jaroslovsky
Chief Bankruptcy Judge